## FIRST DEPARTMENT, OCTOBER, 1971

## (October 1, 1971)

■ In the Matter of MICHAEL MAYE, Individually and as President of Uniformed Firefighters Association, Local 94, International Association of Firefighters, AFL-CIO, et al., Respondents, v. JOHN V. LINDSAY, as Mayor of the City of New York, et al., Appellants.— Order, Supreme Court, New York County, entered on September 29, 1971, modified on the law and the facts to the extent of vacating the stay of the examination contained in said order, and

to the further extent of permitting the examination to go forward, but staying the promulgation of any resulting list or proposed acceptable answers, and prohibiting any appointment based thereon until the determination of the motion in chief and subsequent appeal or appeals therefrom, if any, and otherwise affirmed, without costs and without disbursements. The foregoing determination is based upon the following reasons: It appears that by September 20, 1971 some 3,100 preapplication forms had already been received by the Civil Service Commission, the notice of the subject examination having issued on August 27, 1971, and it is anticipated that 3,100 applicants will appear for the examination at 9:30 A.M. tomorrow at the George Washington High School in Manhattan and the Thomas Jefferson High School in Brooklyn. The petitioners did not commence the instant proceeding until September 24, 1971, returning their order to show cause September 28, 1971. Since the examination per se does not displace nor limit the professional opportunities of any of the petitioners, and since the giving of the examination will not in any way affect the respective positions of the petitioners, the giving of the examination itself will not constitute a determination of status relative to those interested in taking the examination. Accordingly, we make no observation on the underlying merits of petitioners' petition until a full hearing has been held before Special Term presently scheduled for October 22, 1971, and the matter properly comes before us on an adequate record. Concur — McGivern, J. P., Kupferman, Murphy and McNally, JJ.; Nunez, J., dissents, in part, in the following memorandum: I concur except as to the continuance of the stay pending any appeal or appeals. It is unprecedented and clearly premature to grant a stay at this early date without any knowledge or consideration of the merits of the litigation. The court will be in a much better position to grant such a stay if warranted following the initial determination on the merits.